THE PEOPLE EX REL. THE TRADESMEN'S BANK OF THE CITY OF NEW YORK *v.* THE COMMISSIONERS OF TAXES AND ASSESSMENTS, RESPONDENTS.

*Taxation of bank stock — chap. 761 of 1866 — deduction for real estate — how amount of, determined.*

Under the provisions of chapter 761 of 1866, providing for the taxation of bank stock, it is the duty of the assessors to deduct from the actual market value of each share a sum which bears the same proportion thereto, as the assessed value of the real estate of the bank bears to the par value of its capital stock.

The real state of a bank in the city of New York, having a capital of one million divided into twenty-five thousand shares of forty dollars each, was assessed at $200,000. The market value of each share was fifty-six dollars. *Held,* that as the assessed value of the real estate was one-fifth of the capital stock, that there should be deducted from the value of each share the one-fifth part thereof, and that the share should therefore be assessed at forty-four dollars and eighty cents.

CERTIORARI to review the proceedings of the respondents, in taxing the shares owned in the capital stock of the relator.

*Horace Barnard*, for the relator.

*Hugh L. Cole*, for the respondents.

DANIELS, J. :

The relator is a banking institution, formed and doing the business of banking under and by virtue of the laws of the United States. Those laws have subjected the persons owning its stock to taxation under the laws of the State. Certain restrictions have been imposed upon the exercise by the State of that authority; but as it has not been shown that they have been infringed in the proceedings complained of, no further allusion to them will become necessary in the disposition of this case.

The market value of the shares was assumed by the commissioners to have been their taxable value, and that was held to be the proper valuation to be placed for that purpose upon them in the case of *People ex. rel. The Gallatin National Bank* v. *The Same Commissioners*, recently decided by this court. (8 Hun, 536.) That decision was very clearly a proper one, and it must be controlling upon that feature of the present case.

But in the case now before the court, it is objected that the proper deduction, directed to be made by the statute providing for taxing shares in these institutions, for the portion of the capital invested in real estate was not made in this instance, and that in that respect the action of the commissioners should be corrected. The capital of the bank was shown to be $1,000,000, divided into 25,000 shares, of forty dollars each. $200,000 was the assessed valuation placed on the real estate of the bank, for the purpose of taxation, and its shares had a market value of fifty-six dollars each. In making the assessment for the purpose of taxing them, the commissioners deducted eight dollars from the market value of each share, on account of the investment made by the bank in real estate, and thereby assessed their taxable value at the sum of forty-eight dollars each share; and that was the correct mode to be pursued if the deduction was to be apportioned according to the

proportion of the actual amount of the capital of the bank invested in the real estate. From the assessment made of the real estate, that appeared to be equal to one-fifth of the entire capital of the bank, and in assessing the valuation of the shares, one-fifth of their par value was deducted from them, which left each share liable to assessment on the basis of the market value, to the extent of forty-eight dollars. The par value of each share was forty dollars. Its appreciation in value in the market had advanced it sixteen dollars, which made its actual value fifty-six dollars; and in assessing it one-fifth of its par value was deducted, because the real estate of the bank was assessed at a valuation equaling one-fifth of its nominal capital. The relator claims that this deduction was too small; that instead of its being made on the basis of the actual capital of the bank, it should be graduated according to the market value of the shares. That would require a deduction of one-fifth of that value, which would be the sum of eleven dollars and twenty cents for each share, and would reduce its assessable value to the sum of forty-four dollars and eighty cents. The difference, though but a small amount upon each share, in the aggregate, will nominally amount to the sum of $80,000; and it is sufficient to render the case one of no ordinary importance. But still, if the position taken in behalf of the relator is correct, that result cannot prevent it from being maintained. It will be the consequence of the peculiar phraseology of the statute; which, however, will be to some extent compensated by the assessable valuation which must be borne by the stock of these institutions whenever their market value shall fall below the par value. These contingencies are not always accurately provided for by legislation; and as they cannot be uniformly anticipated, they can only be justly controlled by subsequent legislative changes.

The statute, as it existed when the shares in the bank were assessed by the commissioners, and as it now exists, after declaring that the shares in these institutions shall be assessed for taxation, provided that, "in making such assessment, there shall also be deducted from the value of such shares such sum as is in the same proportion to such value, as is the assessed value of the real estate of the bank or banking association, and in which any portion of their capital is invested in which said shares are held, to the whole

amount of the capital stock of said bank or banking association."
(Laws of 1866, vol. 2, 1647, § 1.) This provision deals with two
elements of value, that of the shares in the market and that of the
fixed or nominal capital of the bank. The market value of the
shares is that which is required to be valued for assessment, and
the fixed or nominal capital of the bank is that which must be con-
sidered, in determining the rule to be applied to ascertain the
deduction to be made on account of the investment in real estate.
In this case that investment appears to have been one-fifth of the
nominal capital. At least it has been so assessed, and that, under
the terms of the statute, is the criterion by which the
rule for the deduction has been declared. In the propor-
tion borne by that value to the nominal capital, the deduction
from the actual value of the shares is to be made. It would have
been an entirely equitable rule, if the real estate were assessed
according to its actual value, for the law to have required that value
to have been first deducted from the aggregate actual value of all
the shares, then the residue to be divided by their whole number, and
the quotient to be assessed as their proper value for the purpose of
taxation; but that was not done; a different rule has been pre-
scribed, and the courts have no other duty to perform than to follow
it. That requires that the deduction made from the actual value of
the shares shall be the same in proportion to that amount, as that
made from the nominal capital for the assessed value of the real
estate; for in no other way can the deduction from the value of the
shares be in the same proportion to that value, as the statute has
declared it shall be, as the assessed value of the real estate is to the
whole amount of the capital stock of the bank. The proportional
deduction in the latter case is the one rendered applicable to the for-
mer, in order to ascertain the amount at which the shares should be
assessed; that in this instance is one-fifth. The assessed value of the
real estate, is one-fifth of the whole amount of the capital stock of
the bank, and for that reason the statute required the same propor-
tionate amount, or one-fifth, to be deducted from the full value of
the shares, in order to determine their assessable valuation. That
was not done by the commissioners; but their deduction was made
on the same principle as the statute required to be applied, if the
aggregate value of the shares had been the same in amount as the

capital stock of the bank; they deduct eight dollars from each share, which was one-fifth of the amount of nominal capital represented by it, instead of eleven dollars and twenty cents, which was one-fifth of the full value of each share; under the statute the larger amount was the proper deduction to be made, because it was one-fifth of the market value of the shares. In this case it seems an advantage to the bank, but not perhaps of the entire apparent difference, because the real estate, it has been affirmed, was assessed below its actual value. The legislative rule will not produce exact justice in all cases; under it a portion of the value of the shares will be likely to escape assessment when that exceeds the nominal capital of the bank; while more will be assessed than should be when the shares are depreciated below their par value; it is, however, a rigid rule, provided by the statute, which has rendered it inflexible. The court can only carry it into effect as it has been declared; for that reason the assessment should be so far modified as to deduct from the sum of fifty-six dollars, which is the full value of the shares, the sum of eleven dollars and twenty cents, one-fifth of that value; that will reduce their assessable value to the sum of forty-four dollars and eighty cents. As the point has been for the first time presented, the modification should be without costs.

DAVIS, P. J., and BRADY, J., concurred.

Assessment so far modified as to deduct from the sum of fifty-six dollars, which is the full value of the shares, the sum of eleven dollars and twenty cents, one-fifth of that value, without costs, and affirmed as so modified.